McLEOD & YOUNG v. ROLAND J. HARVEY.

**Evidence—Proving Terms of Written Agreement—Bills and Notes.**
    It is not erroneous to allow the introduction of parol evidence to prove
    that notes given for an omnibus with which to operate a mail route,
    failed of consideration, in that the mail contract thus transferred was
    not renewed according to the contract.

**Same.**
    It may be proved that the agreement itself constituted part of the
    consideration of the note contemporaneously executed.

APPEAL FROM BRACKEN CIRCUIT COURT.

September 15, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an ordinary action founded on four promissory notes
of the appellee, given originally for the aggregate sum of $500
—"for value received" as expressed in each of the notes.

The defendant by his answer sought to defeat the action, and
to recover on a counter-claim against the plaintiffs, substantially
on these grounds—that at the time of the execution of the notes
the plaintiffs were mail contractors, and sold the defendant an
omnibus used by them for carrying the mail and passengers
over the mail route, and stipulated to pay him for conveying
the mail for them and in fulfillment of their contract with the
government, for an unexpired term of three years, and five
months, the sum of three hundred and fifty dollars per year,
payable quarter annually, and this employment and the omni-
bus, which was of but little value, formed together the
consideration of the notes, and that after carrying the mail for
about five months in compliance with his agreement, he was
prevented from doing so any longer by the "failure of the
plaintiffs to retain or secure the right of carrying the mail,"
consequently the omnibus became nearly useless, and an essential
part of the consideration of the notes failed.

The material averments of the counter-claims being contro-
verted by a reply in which the plaintiffs alleged that the omnibus

was the sole and only consideration of the notes, a trial of the case on a submission of the law and facts to the court, resulted in a judgment for the defendant for $66 from which this appeal is prosecuted.

It appearing on the trial that the value of the omnibus entered into the consideration of the notes the court, over the objections of the plaintiffs, allowed the defendant to prove that the omnibus was not worth four hundred dollars, nor more than one hundred dollars, for the apparent purpose of showing that notwithstanding the language of the agreement for carrying the mail, that contract, was a part of the action as represented by the notes and constituted a part of their consideration; and whether the court erred in this ruling is the principal question now presented for our decision.

We do not perceive anything in either the notes or the written agreement, for carrying the mail which ought to have required the rejection of the evidence. The fact thus sought to be established was not inconsistent with either of those written stipulations, and the agreement that a particular sum should be paid quarter-annually as for mail service did not exclude the right to prove that that agreement itself constituted part of the consideration of the note for $500 contemporaneously executed. (*Gordon's heirs v. Gordon, 1 Met, 285.*)

We regard the evidence as competent and sufficient to sustain the conclusion of the circuit court.

*Lindseys, for appellants.*

*Willis, Doniphan, for appellees.*